| | |
|---|---|
| **UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA** | |
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>v.<br><br>JERRY AUSTIN RODRIGUEZ JAIME,<br>　　　　　　Defendant. | Case No. CR18-5595-RBL<br><br>DETENTION ORDER |

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

In addition, THE COURT, having considered the defense request for an evaluation to determine whether medically-assisted treatment to address the defendant's substance abuse disorder and addiction(s) would be appropriate for the defendant, orders that the U.S. Probation and Pretrial Services Department make best efforts to arrange such an evaluation at the earliest possible opportunity.

This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Presumptive Reasons/Unrebutted:**
( )　Conviction of a Federal offense involving a crime of violence. 18 U.S.C. Sect. 3142(f)(A)
( )　Potential maximum sentence of life imprisonment or death. 18 U.S.C. Sect. 3142(f)(B)
( X )　Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sect. 951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)
( )　Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C. Sect. 3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

**Safety Reasons:**
( )　Defendant is currently on probation/supervision resulting from a prior offense.
( )　Defendant was on bond on other charges at time of alleged occurrences herein.
( X )　Defendant's criminal history that includes repeated convictions including four felonies. And specifically defendant has two convictions for drug-related offenses, more than one residential burglary conviction, an assault conviction, and a 2018 conviction in Pierce County Superior Court for unlawful possession of a firearm -- for which he received a suspended sentence in August of 2018.
( X )　Danger of instant offense. During a search concerning the current charge of distribution of a controlled substance, the law enforcement agents discovered 139.7 gross grams of suspected heroin, 30.7 gross grams of Suboxone strips, 36.2 gross grams of methamphetamine, and a firearm. Searches conducted by law enforcement agents on Facebook accounts that are associated with illegal drug distributors Mr. Rodriguez claimed to have many drug customers; and a number of drug distributors met with Mr. Rodriguez at his residence and at other locations.

**Flight Risk/Appearance Reasons:**
( )　Defendant present on writ from state court.
( )　Immigration and Naturalization Service detainer.
( X )　History of Bench Warrant(s) and failure to appear for court in other jurisdictions.
( X )　Proposed residential placement address is a place where law enforcement found drugs related to the instant offense, and also found that illegal drug distributors had been stopping at the defendant's residence approximately 20 times since the start of the investigation.

**Although the defendant has long-standing ties to the community, the defendant has not produced sufficient information to counter-balance the risk of flight or the risk of danger to others and danger to the community. The United States met its burden of persuasion to show that: The defendant's prior criminal history of drug-related offenses, history of illegally possessing a weapon, history of failure to appear for court, and the circumstances of the current offense, meets the burden of establishing risk of dangerousness by clear and convincing evidence and meets the burden of establishing risk of flight and failure to appear, by a preponderance of the evidence. In addition, the investigation of the current offense includes a search of the defendant's residence, where agents found approximately 139.7 gross grams of suspected heroin, 30.7 grams of Suboxone strips, 36.2 gross grams of methamphetamine, and a firearm. The Court is convinced there is no condition, nor a combination of conditions, sufficient to assure that the defendant would appear for court as required, or that the defendant would not pose a serious risk of danger to others and to the community.**

*Order of Detention*

- **The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.**
- **The defendant shall be afforded reasonable opportunity for private consultation with counsel.**
- **The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**December 14, 2018**

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge